IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARSTEN MIKKELSEN; ENIGMA DAUGHTERS, LLC, a foreign limited liability company,<br><br>          Plaintiffs,<br><br>     vs.<br><br>HANK C.K. WUH, Trustee of the Hank C.K. Wuh Trust; ALA HANA, LLC, a Hawaii limited liability company; LOCATIONS, LLC, a Hawaii limited liability company,<br><br>          Defendants.<br>_____<br><br>AND RELATED COUNTERCLAIMS AND THIRD-PARTY CLAIMS. | Civ. No. 19-00533 JMS-WRP<br><br>ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS WUH'S AND ALA HANA, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS, ECF NO. 21, AND DEFENDANT LOCATIONS, LLC'S SUBSTANTIVE JOINDER, ECF NO. 25; AND (2) GRANTING PLAINTIFFS THIRTY-DAYS LEAVE TO FILE AN AMENDED COMPLAINT |

**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS WUH'S AND ALA HANA, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS, ECF NO. 21, AND DEFENDANT LOCATIONS, LLC'S SUBSTANTIVE JOINDER, ECF NO. 25; AND (2) GRANTING PLAINTIFFS THIRTY-DAYS LEAVE TO FILE AN AMENDED COMPLAINT**

Defendants Hank C.K. Wuh ("Wuh") and Ala Hana, LLC ("Ala Hana"), joined substantively by Defendant Locations, LLC ("Locations") (collectively, "Defendants"), move under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings. ECF Nos. 21, 25. They seek dismissal of Plaintiffs

1

Carsten Mikkelsen's ("Mikkelsen") and Enigma Daughters, LLC's ("Enigma") (collectively, "Plaintiffs'") Complaint with prejudice, based on the Complaint's allegations along with several documents attached to the Motion for Judgment on the Pleadings ("motion").[1]  Because the parties know the background, the court proceeds directly to its rulings.

The motion is GRANTED in part and DENIED in part.  The court incorporates by reference or takes judicial notice of the documents attached to the motion.  *See* ECF Nos. 21-4 to 21-10.  Nevertheless, even if their authenticity is not at issue, "a court cannot take judicial notice of disputed facts contained in . . . public records."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (citation omitted).  Nor can the court "assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint."  *Id.* at 1003.[2]

---

[1] Under Local Rule 7.1(c), the motion is suitable for decision without a hearing.

[2] *Khoja* cautioned courts about what inferences it may draw from incorporated documents, "consistent with the prohibition against resolving factual disputes at the pleading stage."  899 F.3d at 1003 (citations omitted).  It explained:

> Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint . . . .  Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim.

*Id.*  Thus, the doctrine does not allow a court to consider a defense (at the pleading stage) that is inconsistent with a well-pled complaint.  *See id.* at 1002 ("[I]f the document merely creates a

(continued . . .)

And so, the court DENIES the motion to the extent Defendants seek dismissal based on a release/waiver or "hold harmless" clause. *See* ECF No. 21-7 at PageID #253-54; ECF No. 21-8 at PageID #259. Whether Plaintiffs' claims are barred by release or waiver is a defense that would dispute alleged facts. *See, e.g.*, *Advanced Risk Managers, LLC v. Equinox Mgmt. Grp., Inc.*, 2019 WL 6716292, at *5 (N.D. Cal. Dec. 10, 2019) ("The release agreement is not incorporated by reference into the complaint, as the complaint does not 'refer extensively' to the release agreement [and] the release agreement is not the 'basis of plaintiff's claim,' . . . . Instead, the release agreement 'creates a defense to the well-pled allegations in the complaint[.]'") (quoting *Khoja*, 899 F.3d at 1002) (some brackets omitted).

Rather, the effect of a release is not a question for resolution at the Rule 12(c) stage, which requires the court to assume all well-pled factual allegations as true. *See, e.g.*, *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) ("Rule 12(c) is functionally identical to Rule 12(b)(6) and . . . the same standard of review applies to motions brought under either rule.") (citations and quotation marks omitted).

---

(. . . continued)
defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims."). Likewise, "[j]ust because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id.* at 999.

Nevertheless, the court agrees with Defendants that—when considering the Complaint's allegations and the entire purchase contract, addendum, and disclosure statement—the Complaint fails to state plausible fraud-based claims with particularity, especially where the Complaint alleges very few details as to Locations.  *See id.* at 1054-55 (applying the *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), plausibility standard to fraud-based claims under Rule 9 at a Rule 12(c) stage).[3]  The court DISMISSES Counts I (fraudulent concealment), II (fraud in the inducement), and III (fraud-based state-law claim under HRS § 480-2).

But leave to amend is not futile.  Although the court cannot consider Mikkelsen's declaration and exhibits, ECF Nos. 45-1 to 45-3, proffered in Plaintiffs' opposition (without converting the motion into one for summary judgment), *see, e.g.*, *Khoja*, 899 F.3d at 998, Mikkelsen's statements and exhibits suggest that plausible fraud-based claims could be pled with the necessary

---

[3] Under Ninth Circuit law, "[t]o satisfy Rule 9(b), a pleading must identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'"  *Cafasso*, 637 F.3d at 1055 (alteration in original) (quoting *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) ("To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.") (quoting *Bly-Magee v. Cal.*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

This particularity standard applies to Plaintiffs' fraud-based claim under Hawaii Revised Statutes ("HRS") ch. 480.  *See, e.g.*, *Aquilina v. Certain Underwriters at Lloyd's*, 407 F. Supp. 3d 978, 993 (D. Haw. 2019) ("Both the Ninth Circuit and this Court have held that state-law [unfair and deceptive acts or practices] claims must be pleaded with particularity when the claims are based on fraudulent conduct.") (citations omitted).

particularity.  If the property was being used as an unlicensed, and possibly "illegal," enterprise *before* the sale (and even before the new City ordinance)—and the seller *knew* that it was not licensed for any transient accommodations—then answering "NTMK" on the disclosure statement could in fact be knowingly false. And, when considering the incorporated documents, it appears clear that the property being run as a vacation rental was a material provision of the contract— the buyer wanted the booking history and rate of return, and the seller *required* the buyer to take existing future bookings.  A theory that Plaintiffs thought the property was being run as an ongoing licensed legal enterprise, and Plaintiffs relied on Defendants' representations indicating it was licensed (or nondisclosure that it was not), could support a plausible theory of fraud.  Questions of reliance and Plaintiffs' actual knowledge would not be proper for decision at this Rule 12(c) stage.  Thus, even if the Complaint as currently written is deficient, Plaintiffs are GRANTED thirty days leave to file an amended complaint, as they requested.[4]

        The court accepts Plaintiffs' explanation regarding their standing, i.e., that Mikkelsen as an individual, and Enigma as an entity, are pled in the alternative for purposes of possible remedies.  Although it appears undisputed that the individuals assigned their interests to LLCs prior to closing, rescission may require

---

[4] In addition to re-stating an HRS § 480-2 claim with particularity, an amended complaint should also clarify questions raised by the motion regarding Plaintiffs' theory under HRS chapter 480.  For instance, it is not clear whether Plaintiffs are raising an unfair method of competition claim.

the individuals to be named. In any event, it is premature to dismiss individuals for lack of jurisdiction or standing at this Rule 12(c) stage.

Finally, the court DISMISSES with prejudice Count IV of the Complaint alleging a cause of action for breach of the duty of good faith and fair dealing. "[T]he tort of bad faith, as adopted in *Best Place*[*, Inc. v. Penn Am. Ins. Co.*, 82 Haw. 120, 127, 920 P.2d 334, 341 (1996)], requires a contractual relationship between an insurer and an insured." *Jou v. Nat'l Interstate Ins. Co. of Haw.*, 114 Haw. 122, 129, 157 P.3d 561, 568 (Haw. Ct. App. 2007) (citing *Simmons v. Puu*, 105 Haw. 112, 120, 94 P.3d 667, 675 (2004)). Even if Hawaii law might otherwise allow a tort of bad faith in "situations involving special relationships characterized by elements of fiduciary responsibility, public interest, and adhesion," *Francis v. Lee Enters.*, Inc., 89 Haw. 234, 238, 971 P.2d 707, 711 (1999) (citations omitted), nothing indicates such a special relationship here in this real estate sales transaction. *See, e.g.*, *Sung v. Hamilton*, 710 F. Supp. 2d 1036, 1050 (D. Haw. 2010) (rejecting bad faith claim for lack of a special relationship in commercial transaction for purchase of property). And although, more generally, there is a covenant of good faith inherent in most contracts, a breach of that covenant is not a tort even if it could be some basis for a breach-of-contract claim (which Plaintiffs have not pled). *See, e.g.*, *Wieck v. CIT Grp.*, 308 F. Supp. 3d 1093, 1120 n.14 (D. Haw. 2018).

In sum, Defendants Wuh's and Ala Hana's Motion for Judgment on the Pleadings, ECF No. 21, joined substantively by Defendant Locations, ECF No. 25, is GRANTED in part and DENIED in part.  Counts I (fraudulent concealment), II (fraud in the inducement), and III (fraud-based claim under HRS § 480-2) of the Complaint are DISMISSED without prejudice.  Count IV (bad faith) is DISMISSED with prejudice.  Plaintiffs are GRANTED thirty days leave to file an amended complaint that attempts to state fraud-based claims with particularity.  An amended complaint must be filed by May 20, 2020.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 20, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Mikkelsen v. Wuh*, Civ. No. 19-00533 JMS-WRP, Order (1) Granting in Part and Denying in Part Defendants Wuh's and Ala Hana, LLC's Motion for Judgment on the Pleadings, ECF No. 21, and Defendant Locations, LLC's Substantive Joinder, ECF No. 25; and (2) Granting Plaintiffs Thirty-Days Leave to File an Amended Complaint